IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10119
Summary Calendar
_____

STANLEY J. STEVENS,

Plaintiff-Appellant,

versus

HAY'S PHARMACY (OWNER) (IND.),
ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95 CV 14 A)
_____

(April 14, 1995)

Before JOHNSON, BARKSDALE, and PARKER, Circuit Judges.

JOHNSON, Circuit Judge:[1]

Stanley J. Stevens ("Stevens") appeals the district court's dismissal of his section 1983 claim against Hay's Pharmacy; Douglas Burns, pharmacist; the Forth Worth Police Department; Officer Combs, a Fort Worth Police officer; the State of Texas; and the Tarrant County Sheriff's Department ("Defendants"). Because we agree with the district court that Stevens' claims are completely

_____

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

frivolous, we dismiss the appeal.

## I.  Facts and Procedural History

Stevens filed this section 1983 suit against the Defendants, alleging that they conspired in a mutual scheme of entrapment by accusing him of presenting a forged writing when they knew he had not done so.  On March 26, 1993, Doug Burns, a pharmacist at Hay's Pharmacy received a phone call.  The caller claimed to be a representative of Dr. Charles Marable's office authorizing a prescription of Vicodin for Stevens.  Burns wrote-up the prescription from the phone call, but then called Dr. Marable's office to verify the prescription.  No one from Dr. Marable's office had authorized such a prescription.  Burns then contacted the Fort Worth Police Department.  The Police Department instructed Burns on a plan by which they would apprehend whoever came to pick-up the unauthorized prescription.

Not long thereafter, Stevens arrived to pick-up the prescription.  Officer Combs of the Fort Worth Police Department arrested Stevens, and Stevens was charged with presenting a forged writing in order to obtain a controlled substance. Stevens' parole was revoked.

Stevens denied calling the pharmacy.  He claims that he was under Dr. Marable's care for a back injury and that he was simply picking-up a prescription that Dr. Marable's office was supposed to have phoned into the pharmacy.  Stevens contends:  that he did not present a forged writing because Burns wrote the prescription, that the Fort Worth Police Department and the State of Texas knew this

and accused and convicted him anyway, and that the State of Texas coerced him into a plea bargain by providing inadequate counsel.

Stevens filed suit under section 1983 seeking: to have the charges dismissed, to have a new trial, to be released from confinement, to be provided adequate counsel, and to be awarded monetary damages from all defendants. The district court dismissed Stevens' action as frivolous under 28 U.S.C. § 1915(d). Because we believe that Stevens' appeal is completely lacking in merit, we dismiss the appeal as well.

## II. Discussion

A district court may dismiss an in forma pauperis complaint if it is frivolous in that it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733-34 (1992). A complaint is legally frivolous if it is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A section 1915(d) dismissal is reviewed for an abuse of discretion. *Denton*, 112 S. Ct. at 1734.

Section 1983 is not a vehicle through which to recover damages for a conviction which has not been invalidated. The Supreme Court has stated that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or otherwise called into question. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). Additionally, section 1983 cannot be used as a

3

substitute vehicle to overturn convictions and sentences when state remedies have not been exhausted. *See id.* at 2369-70.[2]

Stevens' original conviction remains wholly intact. In fact, Stevens has admitted in the record that he has not challenged his conviction in any other state court nor federal proceedings. Stevens has not proven his conviction invalid nor exhausted his state remedies in trying to so prove. Therefore, Stevens' section 1983 action is without arguable basis in law or fact and is meritless.

## III. Conclusion

Under Local Rule 42.2, this Court can dismiss an appeal as meritless when it is so frivolous as to be lacking an arguable basis in law or fact. Because this is just such a case of frivolity, the appeal is dismissed and Mr. Stevens is warned that similar frivolous appeals in the future will result in disciplinary sanctions.

APPEAL DISMISSED.

---

[2]When a section 1983 complaint is really a habeas corpus petition in disguise, this Court will require that the habeas corpus procedural requirements, such as state remedy exhaustion, be met. *See McGrew v. Texas Bd. of Pardons & Paroles*, \_\_\_\_ F.3d \_\_\_\_, (5th Cir. Mar. 13, 1994 No. 94-10674 ).